UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAJUANDA MARTIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI[1],<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-00461-JAD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[2]<br><br>[ECF No. 13] |

　　　　This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") finding that Plaintiff Shajuanda Martin ("Martin") is no longer disabled and therefore no longer entitled to disability benefits. Currently pending before the Court is the Commissioner's motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) Martin responded, (ECF No. 15), and the Commissioner replied, (ECF No. 16). For the reasons set forth below, the Court recommends that the Commissioner's motion to dismiss be granted.

**I.　BACKGROUND**

　　　　On March 22, 2021, Martin filed an application to proceed *in forma pauperis* ("IFP") and *pro se* complaint. (ECF No. 1-1.)  On March 25, 2021, the Court issued an order granting the IFP application, allowed Martin's complaint to proceed, and the complaint was filed. The complaint seeks review of the Commissioner's decision that Martin's disability has ended under section 223(f) of the Social Security Act. (ECF No. 4.) An appearance

---

[1]　Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]　This Report and Recommendation is made to the Honorable Jennifer A. Dorsey, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

was entered on behalf of the Commissioner on May 5, 2021. (ECF No. 11.) On June 11, 2021, the Commissioner filed this motion to dismiss the complaint as time-barred. (ECF No. 13.) Martin responded, (ECF No. 15), and the Commissioner replied. (ECF No. 16).

## II. DISCUSSION

A Social Security claimant has 60 days from the date she is mailed notice of the Appeals Council's denial of review of an administrative law judge's ("ALJ") decision to file an action in the United States District Court requesting review of the Social Security Administration's decision. 42 U.S.C. § 405(g). The claimant is presumed to have notice of the Appeals Council decision five days after the date of the Appeals Council's notice unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(a), (c).

The 60-day time limit for bringing suit in federal court "constitutes a statute of limitations." *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (citations omitted). The statute of limitations defense may be raised in a motion to dismiss "if the running of the statute is apparent from the face of the complaint." *Id.* (citation omitted). The 60-day limitations period is subject to equitable tolling. *Id.* (citing *Bowen v. City of New York*, 476 U.S. 467 (1986)).

Here, the running of the 60-day limit is not clear from the face of the complaint; however, the Court may take judicial notice of the information concerning the case taken from the Electronic Disability case processing, set forth in the Declaration of Dexter Potts, who is the Acting Chief of Court Case Preparation and Review for Branch 1 of the Office of Appellate Operations for the Social Security Administration. (ECF No. 13-1.) *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (an exception to the general rule that a court may not consider matters outside the pleadings when ruling on a motion to dismiss is the court may consider matters of which it may take judicial notice under Federal Rule of Evidence 201; Rule 201 allows a court to take judicial notice of a fact "not subject to reasonable dispute"). Therefore, the Court may still resolve this matter through a motion to dismiss without converting the motion to one for summary judgment.

The Commissioner presents evidence that on October 5, 2015, it was determined that Martin, who was previously found disabled beginning on January 4, 2008, was no longer disabled. (ECF No. 13-1 at 8.) This determination was upheld upon reconsideration after a disability hearing. (*Id.*) Martin filed a written request for a hearing before an ALJ, which took place on September 18, 2018. (*Id.*) The ALJ denied relief in a decision dated November 19, 2019. (*Id.* at 8-24.) Plaintiff requested review by the Appeals Council, and the Appeals Council denied the request for relief on August 4, 2020. (*Id.* at 31-36.)  The Appeals Council specifically informed Martin she had 60 days to file a civil action if she disagreed with the determination, and that the Social Security Administration would assume she received the Appeals Council's notice five days after the date of the notice, and if she required an extension, she could request one in writing. (*Id.* at 33.)

Counting sixty days plus five days for receipt of the Appeals Council's decision, pursuant to 20 C.F.R. § 422.210(c), the complaint was due by October 9, 2020. However, the complaint was filed on March 22, 2021, and there is no evidence in the record that Martin requested an extension. Nor has Martin shown any grounds for equitable tolling. Therefore, the complaint is untimely and should be dismissed with prejudice.[3] *See Haseeb v. Berryhill*, No. 16-15226, 691 Fed.Appx. 391, 393 (9th Cir. May 18, 2017) (unpublished) (affirming dismissal of complaint that was filed more than sixty-five days after date of Appeals Council notice).

### III. CONCLUSION

The Court therefore recommends that the Commissioner's motion to dismiss, (ECF No. 13), be granted, and the complaint be dismissed, with prejudice.

---

[3] The Court notes that Martin filed another, similar action on November 5, 2020, in Case No. 2:20-CV-02041-JAD-DJA. In that case, the Court ordered Martin to file an amended complaint to show that the action was timely filed, but she failed to do so. (*See* ECF Nos. 3, 5.) Thus, the case was ultimately dismissed based on Martin's failure to follow the Court's order to file an amended complaint. (*See* ECF Nos. 6, 14.) Even assuming Martin was entitled to equitable tolling based on the filing of this other case, her initial complaint in this action was still filed 27 days too late.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Commissioner's motion to dismiss, (ECF No. 13), be **GRANTED**, and the complaint be **DISMISSED WITH PREJUDICE**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: July 26, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**